**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NAGIN KORMI, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 1:16-cv-09415 |
| ANTOINETTE CHOATE, and DAVID L. LEE, individually and in his capacity as the proprietor of the LAW OFFICES OF DAVID L. LEE, | ) ) Honorable Andrea Wood ) ) ) |
|     Defendants. | ) ) ) |

**FINAL PRETRIAL ORDER TENDERED BY
PLAINTIFF NAGIN KORMI AND DEFENDANTS
DAVID LEE AND ANTIONETTE CHOATE**

Pursuant to the Court's Standing Order, the parties, by their undersigned attorneys, submit their proposed Final Pretrial Order:

**1.** **Jurisdiction**. Jurisdiction is founded upon 28 U.S.C. §1332 and is not disputed. The parties are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

**2.** **Trial Attorneys.** Provide a list of the attorneys trying the case, including business addresses, telephone numbers, and e-mail addresses.

Plaintiff Nagin Kormi will be represented at trial by Philip C. Stahl and Alan Mandel:

| | |
|---|---|
| Philip C. Stahl | Alan Jay Mandel |
| P. Stahl, LLC | Alan J Mandel, Ltd. |
| 120 N. LaSalle St., Suite 2800 | 7520 Skokie Blvd. |
| Chicago, IL 60602 | Skokie, IL 60077 |
| 312-659-7406 | 847-329-8450 |
| Email: pstahl48@gmail.com | Email: alan@mandelaw.net |

Defendant David Lee will be represented at trial by Daniel Meyer:

Daniel B. Meyer
Meyer Law Group LLC
30 N. LaSalle St., Suite 1410
Chicago, IL 60602
312-265-0565
Email: dmeyer@meyerlex.com

Defendant Antoinette Choate will be represented at trial by Daniel Konicek and Michael Corsi:

Daniel Francis Konicek, *and*
Michael J. Corsi
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
630-262-9655
Email: dan@konicekdillonlaw.com
Email: mcorsi@konicekdillonlaw.com

3. **Case Statement.**

This is a breach of fiduciary duty and legal malpractice case. The Plaintiff retained the Defendants to represent her in an employment discrimination case against her former employer. She alleges that the Defendants breached fiduciary duties they owed to her during the course of that representation, and that they were negligent in their representation of her. She alleges that the Defendants' alleged breach of fiduciary duty and negligence caused her to incur damages.

The Defendants deny that they breached fiduciary duties they owed to her, and deny that they were negligent in their representation of the Plaintiff. The Defendants also deny that the Plaintiff incurred any damages.

4. **Witness Lists.** The parties' respective witness lists are provided at Schedule 1.

5. **Deposition Designations**. The parties will request a determination from the Court at the May 30, 2019 Final Pretrial Conference regarding whether the depositions from the underlying *Kormi v. Deloitte* case (witnesses Apikyan, Ellis, May, Niedbala, Shah, and

Wittenbraker) can be used as and for the equivalent of live testimonial evidence in this case. If the Court allows that use as to Apikyan, Ellis, May, Niedbala, Shah, and/or Wittenbraker, (and in any event as to Dr. Gershon Kaplan) the parties will have until June 5, 2019 to exchange deposition designations and June 11, 2019 to provide any counter-designations. A further deposition that may require designation is that of Dr. Gershon Kaplan, which is presently scheduled to proceed on May 22, 2019, and to which the parties agree that they will have until June 5, 2019 to exchange deposition designations and June 11, 2019 to provide any counter-designations. The deposition designations shall be filed as Schedule 2.

6. **Exhibit Lists.** The parties' respective exhibit lists are provided at Schedule 3 and have been exchanged, and the parties continue to confer with respect to any objections one party may have to another party's exhibits. Further, the parties stipulate that they may supplement their respective exhibits list filed on May 6, 2019 by May 17, 2019, and may supplement their respective objections to such exhibits by May 24, 2019. Thereafter, the parties stipulate that further exhibits may be added provided that: (a) there is at least five business days' prior notice of a supplemental exhibit before it is used at trial; and (b) except in the case of supplemental demonstrative exhibits, if any, the proposed supplemental exhibit (i) had previously been produced in discovery has been bates stamped by the parties and such production number appears on the document, or (ii) is generally available in the public record or otherwise subject to judicial notice. The parties further stipulate that supplemental demonstrative exhibits, if any, shall be served upon opposing counsel, not later than June 10, 2019.

7. **Plaintiff's Damage Itemization.** The Plaintiff itemizes her damages as follows:

    a) <u>Breach of Fiduciary Duty</u>

Plaintiff seeks the following monetary relief:

1. Disgorgement of Attorneys' Fee Received by Defendants' (amount is undisputed) $99,5000;
2. Restitution of the value of Plaintiff's claims for monetary relief in the underlying case (see below);
3. Restitution of the value of Plaintiff's Claim for Attorneys' Fees based on the work of Drew Peel -- $250,000;
4. Restitution of the value of Plaintiff's past and future earnings misappropriated by Defendants in the settlement agreement (see below).
5. Attorneys' fees incurred in obtaining the relief in (1)-(4).

Plaintiff asserts that Defendants bear the burden of providing, by clear and convincing evidence, that any compensation received by Plaintiff for (1)-(4) was the fair value of the intangible property they misappropriated. Defendants disagree.

Plaintiff also seeks damages for emotional distress unrelated to her pecuniary damages caused by Defendants, including her pain and suffering, the loss of a normal life and all costs of treatment (past and future). The amount of such damages is determined by the trier of fact and could exceed $1,000,000 or more. The evidence supporting these damages will be provided through the testimony of the plaintiff, the defendants and Plaintiff's forensic psychiatrist, Dr. Louis Kraus, M.D. The amount of such damages is determined by the trier of fact and could exceed $1,000,000 or more.

      b) <u>Professional Negligence</u>

Plaintiff seeks the difference between the $205,000 monetary settlement that Plaintiff received and the settlement and/or the verdict that that she would have received in the absence of Defendants' malpractice. Plaintiff's standard of care expert, John Bucheit, estimates the reasonable settlement value to range between $2,166,928 and $2,564,910 based on his view that Deloitte's worst-care exposure at trial could be $4,000,000.

Plaintiff further seeks the value of her lost past and future earnings resulting from the No Future Employment term in the Settlement Agreement imposed on her by Defendants that

4

effectively precluded Plaintiff from obtaining employment in the consulting industry after October 2014 through at least 2024. The evidence supporting this claim includes the testimony of the Plaintiff and the expert testimony Plaintiff's experts Katherine Graham. Those damages could exceed $3,500,000.

8. **Proposed *Voir Dire*.** The parties' respective *voir dire* questions are provided at Schedule 4.

9. **Jury Instructions.** Counsel for the parties met and conferred regarding jury instructions and are continuing to discuss to what extent the parties agree to submit Plaintiff's breach of fiduciary duty claim to the jury. The parties' agreements and objections as to proposed instructions, and each parties' proposed instructions, are provided at Schedule 5. The parties recognize that the Court's rulings on the Defendants' Motion for Partial Summary Judgment and on the parties' Motions *in Limine* may have a significant impact on which jury instructions are ultimately given to the jury. As such, the parties have agreed to reconsider their proposed jury instructions after the Court has made the aforementioned rulings.

10. **Motions *in Limine*.** Counsel for the parties have stipulated that the parties' respective motions *in limine* shall be filed by May 9, 2019, responses shall be filed by May 16,

2019, and replies shall be filed by May 20, 2019. Such stipulation does not extend the deadline previously entered by the Court relative to when motions *in limine* shall be fully briefed.

                            Respectfully submitted,

      /s/ *Alan J. Mandel*
      Counsel for Plaintiff

| | |
|---|---|
| Alan J. Mandel | Philip C. Stahl |
| ALAN J. MANDEL, LTD. | P. STAHL LLC |
| 7520 Skokie Boulevard | 120 North La Salle Street |
| Skokie, Illinois 60077 | Chicago, Illinois 60602 |
| (847) 329-8450 | (312) 659-7406 |
| alan@mandelaw.net | pstahl48@gmail.com |

      /s/ *Michael Corsi*                                   /s/ *Daniel Meyer*
Counsel for Defendant Choate         Counsel for Defendant Lee

| | |
|---|---|
| Daniel Francis Konicek | Daniel Meyer |
| Michael Corsi | MEYER LAW GROUP LLC |
| KONICEK & DILLON, P.C. | 30 North LaSalle Street |
| 70 West Madison Street, Suite 2060 | Suite 1410 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| (312) 239-0283 | 312-763-6222 |
| dan@konicekdillonlaw.com | dmeyer@meyerlex.com |
| mcorsi@konicekdillonlaw.com | |