UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAGIN KORMI,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTIONETTE CHOATE and DAVID L. LEE,<br><br>   Defendants. | Case No. 16-cv-09415<br><br>Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Nagin Kormi brought this action against her former attorneys, defendants Antoinette Choate and David Lee, alleging breach of fiduciary duty and legal malpractice arising out of their representation of her in a previous matter. Before the court are Defendants' motions for summary judgment, [159], [160], [162], Kormi's motion to strike parts of Defendants' motions for summary judgment, [165], and Defendants' motion to strike Kormi's affidavit, [202]. For the reasons below, the motions are denied.

**LEGAL STANDARD**

  Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id.*

  The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex*, 477 U.S. at 323 (1986). After a "properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks and citation omitted). Construing the evidence and facts supported by the record in favor of the nonmoving party, the court gives the nonmoving party "the benefit of reasonable

inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.* (citation omitted).

## ANALYSIS

### I. Summary Judgment Motions

Defendants raise three general arguments in support of their motions for summary judgment. First, Defendants argue that Kormi's claims are barred by the statute of limitations. Second, Defendants argue that Kormi's legal malpractice and breach of fiduciary duty claims are duplicative and therefore summary judgment should be granted on the legal malpractice claim. Finally, Defendants assert that they are entitled to summary judgment on Kormi's legal malpractice claim because she cannot prove causation.

Defendants' statute of limitations and causation arguments are denied based on Defendants' violation of Local Rule 56.1.[1] In their summary judgment briefing, Defendants exclusively cite the evidence in the record directly rather than the Local Rule 56.1 statements or responses. *See, e.g.*, [160-2] at 4 (citing "Ex. PP"); *id.* at 7 (citing "Ex. V" and "Ex. X").[2] Local Rule 56.1 mandates that summary judgment briefs cite "the parties' Local Rule 56.1 statements and responses" and prohibits the parties from "cit[ing] to raw record materials." *Mervyn v. Nelson Westerberg, Inc.*, 76 F. Supp. 3d 715, 719 (N.D. Ill. 2014). Another opinion in the *Mervyn* case explains the reason for this requirement: "[W]here arguments presented in a summary judgment motion are fact-intensive, it is essential to the court's proper consideration of those arguments for the parties to brief their legal and factual positions with reference to the Local Rule 56.1 statements and responses and not to the record materials themselves." *Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663, 666 (N.D. Ill. 2015). "Local Rule 56.1 statements and responses establish the bridge between the record and the parties' arguments, and the value of those statements and responses is largely lost if the parties' briefs ignore them and instead cite the record." *Id.* (citing cases).

The requirements of Local Rule 56.1 "are not mere formalities," and district courts are entitled to "strictly enforce" them. *Zuppardi v. Wal–Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014); *see also Flint v. City of Belvidere*, 791 F.3d 764,

---

[1] Local Rule 56.1 was amended on February 18, 2021. The court applies the version in effect at the time the parties' summary judgment briefs were filed.

[2] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

767 (7th Cir. 2015) ("This Court has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1."). The court exercises its discretion and disregards all of Defendants' improper citations directly to the factual record.[3] Doing so necessarily compels denial of Defendants' summary judgment motions with respect to their arguments on the timeliness of Kormi's claims and causation for Kormi's legal malpractice claim because Defendants did not properly cite any facts in support of these contentions in their briefs. Without any factual support, the court cannot conclude that Kormi's claims are untimely or that she cannot prove causation for her legal malpractice claim.

Defendants' remaining argument is that Kormi's causes of action for legal malpractice and breach of fiduciary duty are duplicative. Defendants raised this argument in their motion to dismiss before Judge St. Eve, who held that Kormi's legal malpractice and breach of fiduciary duty claims were not duplicative. [58]. Based on the current record before the court, Defendants have not shown that the claims are duplicative.

"When a breach of fiduciary duty claim is based on the same operative facts as a legal malpractice claim, and results in the same injury, the later claim should be dismissed as duplicative." *Fabricare Equip. Credit Corp. v. Bell, Boyd & Lloyd*, 328 Ill. App. 3d 784, 791 (2002). But not every act of legal malpractice is also a breach of a fiduciary duty. In a negligence claim for legal malpractice, the plaintiff must prove the defendant attorney breached his duty to "exercise a reasonable degree of care and skill in representing [the client]." *Pippen v. Pedersen & Houpt*, 2013 IL App (1st) 111731, ¶ 21. In contrast, an attorney breaches a fiduciary duty when, "in the course of his professional dealings with a client, [he] places personal interests above the interests of the client." *Doe v. Roe*, 289 Ill. App. 3d 116, 122 (1997). Further, Illinois law does not permit a plaintiff to recover emotional damages based on legal malpractice claims but does allow such recovery for breach of fiduciary duty claims. [58] at 3–4; s*ee also Parks v. Wells Fargo Home Mortg., Inc.*, 398 F.3d 937, 940 (7th Cir. 2005).

Here, Defendants argue that Kormi's breach of fiduciary duty and legal malpractice claims are duplicative based on a single sentence of the amended complaint:

> Plaintiff brings distinct and independent claims against her former attorneys for a) breaches of fiduciary duty, and b) professional negligence arising out of defendants' joint representation of Plaintiff

---

[3] Kormi's summary judgment filings also violate Rule 56.1 in similar ways (as well as by largely failing to cite the record in any fashion), but there is no need to discuss the issues with Kormi's filings because they are not the basis of this decision.

> concerning her claims for violations of various federal employment discrimination statutes. *Those statutes provide the Plaintiff with personal, non-assignable right* [sic] *to seek an award of attorneys' fees and expenses Defendant's* [sic] *improperly demanded and received an assignment of that personal right – an act which served as the catalyst for both Plaintiff's breach of fiduciary* [sic] *and negligence claims, set forth below.*

[27] ¶ 1 (emphasis added). Defendants contend that the allegation that the same actions by Defendants "serve[] as the catalyst for both [her] breach of fiduciary [duty] and negligence claims" is an admission that Kormi's claims are based upon the same facts and are therefore duplicative. Defendants cite no other facts or evidence in the record. The mere fact that Kormi alleges certain actions by Defendants form the "catalyst" of both claims is insufficient on its own to establish as a matter of law that the claims are "based on the same operative facts" and "result[ed] in the same injury." *Fabricare Equip. Credit*, 328 Ill. App. 3d at 791. Because Defendants have not met their burden, their summary judgment motions are denied.

## II. Motions To Strike

The parties also filed motions to strike various aspect of the opposing side's summary judgment filings. [165]; [202]. Because the summary judgment motions have already been denied, these motions are denied as moot.

## CONCLUSION

Defendants' motions for summary judgment are denied, and Defendants' motion to strike and Kormi's motion to strike are denied as moot.

Dated: July 13, 2022                     /s/ Martha M. Pacold